IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

GUY F. HAYS, JR.                                                                        PLAINTIFF

v.                          Civil No. 13-5044

DR. HOWARD; NURSE
RHONDA; CORPORAL SHARP;
JAILER A. MOBBS; and
JAILER A. SMITH                                                                         DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights case filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis.*

Plaintiff is currently incarcerated in the East Arkansas Regional Unit of the Arkansas Department of Correction located in Brickeys, Arkansas. The events at issue in this case happened while Plaintiff was incarcerated in the Washington County Detention Center (WCDC) in Fayetteville, Arkansas. Plaintiff maintains his constitutional rights were violated by Defendants' deliberate indifference to his serious medical needs.

The case is currently before me on two motions to dismiss filed by the Defendants (Docs. 16 & 28). Plaintiff did not respond to the first motion to dismiss. However, he filed a response (Doc. 30) to the second motion to dismiss but limited his response to the reason he did not appear at his deposition. By order (Doc. 32) entered on November 26, 2013, Plaintiff was directed to respond to the motions to dismiss. In responding, Plaintiff was told to (1) describe his medical condition and state whether it was one he had been receiving treatment for or

-1-

whether it was one that should have been obvious to anyone; and (2) separately list each Defendant and describe in detail how that particular Defendant was deliberately indifferent to Plaintiff's serious medical needs. Plaintiff filed his response (Doc. 33) and the motions are now ready for decision.

## 1. Background

In the Plaintiff's initial complaint, he failed to describe actions taken by the Defendants. While he indicated he was asserting an official policy claim, he did not mention a custom or policy of Washington County that was the moving force behind the constitutional violations. For this reason, Plaintiff was directed (Doc. 8) to file an amended complaint setting forth: (1) the constitutional right Plaintiff believed was violated; (2) the name of the Defendant who violated the right; (3) exactly what the Defendant did or failed to do; (4) how the action or inaction of that Defendant was connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct (Doc. 8). He was instructed that he must do this for each named Defendant.

Plaintiff filed his amended complaint (Doc. 9). His statement of claim provides as follows:

> I had a stroke on Jan. 26, 2013. I reported it. They drug me to a corner on the floor and left me there for 4 days. And wouldn't render any means of medication. Also I fell of[f] the top rack and also got a pinched nerve from the damages. All these Defendants told me I was faking and I never had a stroke.

(Doc. 9 at pgs. 4-5). As relief, he seeks compensatory damages. In the section of the complaint entitled relief, Plaintiff asserts that he was medically neglected and medically ignored. (Doc. 9 at pg. 5).

## 2. Applicable Standard

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009)(quoting Ashcroft v. Iqbal,556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" Braden, 588 F.3d at 594 (quoting Iqbal, 556 U.S. at 678). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; see also Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004)(While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

## 3. Discussion

Defendants move for dismissal of the case on the following grounds: (1) Plaintiff has failed to make any specific allegations against any of the Defendants (Doc. 16); (2) they are entitled to qualified immunity because Plaintiff has failed to allege that the individual Defendants violated Plaintiff's constitutional rights and has failed to allege the violation of a clearly established right (Doc. 16); (3) no plausible official capacity claim has been asserted; and (4) Plaintiff failed to attend his deposition and should be sanctioned pursuant to Rule 37 of the Federal Rules of Civil Procedure (Doc. 28).

"[D]eliberate indifference to a inmate's serious medical needs is cruel and unusual punishment in violation of the Eighth Amendment." McCaster v. Clausen, 684 F.3d 740, 746 (8th Cir. 2012)(internal quotation marks and citation omitted). "To establish a claim of deliberate indifference to serious medical needs under § 1983, [Plaintiff] must demonstrate that he suffered from an objectively serious medical need and that [the Defendant] actually knew of but deliberately disregarded the need." Santiago v. Blair, 707 F.3d 984, 990 (8th Cir. 2013)(citation omitted). A condition is serious if it is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." Id. (internal quotation marks and citation omitted).

In his amended complaint, Plaintiff only alleges that "all Defendants" told him he was faking a stroke. He does not identify or describe any actions, or inactions, taken by a specific Defendant. However, in his response to the motion to dismiss (Doc. 33), Plaintiff does state how he believes each named Defendant violated his constitutional rights.

Plaintiff has indicated that he is suing the Defendants in both their official and individual capacities. Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights. *See Hafer v. Melo*, 502 U.S. 21, 24 (1991). Plaintiff does not in either the original complaint, the amended complaint, or his response to the motion to dismiss set forth an official capacity claim. Plaintiff does not describe or even hint at the existence of a custom or policy that was the moving force behind the alleged constitutional violation. Defendants' motion to dismiss the official capacity claims will be granted.

-4-

With respect to the individual capacity claims, the defects of the amended complaint on which Defendants rely can be resolved by the filing of an amended or supplemental complaint. I therefore believe Plaintiff should be given the opportunity to re-plead. Williams v. Department of Corrections, 208 F.3d 681, 682 (8th Cir. 2000)(When it can fairly be inferred from the pleadings that a retaliation claim is being stated, Plaintiff "should have been given an opportunity to amend his complaint to bring his retaliation claim against Defendants Banks and Sordan, and they should be required to answer"); Whitney v. State of N.M., 113 F.3d 1170, 1173 (10th Cir. 1997)(Dismissal for failure to state a claim is appropriate only "where it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [her] an opportunity to amend [her] complaint would be futile."); Nickens v. White, 536 F.2d 802, 804 (8th Cir. 1976)(Pro se Plaintiff should be liberally afforded an "opportunity to amend his complaint to allege facts which will cure the defects" in his claim).

Defendants maintain that "any further affirmative action (as opposed to the resolution of this motion) on the part of the Court would be gravely prejudicial to the Defendants." Doc. 20 at pg. 6. They point out that Plaintiff was given an opportunity to file an amended complaint and still failed to state a claim. Id.

Judicial economy is not served when a complaint is dismissed without prejudice only to have the complaint re-filed. Cf. Young v. Armontrout, 795 F.2d 55,56 (8th Cir. 1986)(remanding to district court with instructions to treat pro se habeas petition as § 1983 complaint and to grant leave to amend the complaint liberally as justice requires). Nor is allowing an amendment at this stage of the case prejudicial to the Defendants. Plaintiff is not being allowed to bring additional claims or add Defendants into the case. His claim remains the

same. Further, no scheduling order has been issued and no hearing date has been set. Defendants have ample opportunity to engage in discovery and defend against the claims asserted.

With respect to his failure to appear at his deposition, Plaintiff states that he was having emergency surgery in Little Rock. This is a sufficient reason. Defendants should reschedule the deposition.

### 4. Conclusion

For the reasons stated, I recommend that Defendants' motions to dismiss (Doc. 16 & Doc. 28) be granted in part and denied in part. All official capacity claims should be dismissed. With respect to the individual capacity claims, Plaintiff should be given the opportunity to submit an amended complaint to the Court. Additionally, Defendants should be directed to reschedule the deposition.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 29th day of January 2014.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)